Michaela Battista Sozio (SBN 179148)
E-mail: msozio@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Petitioner MISSION
INTEGRATED TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION INTEGRATED TECHNOLOGIES, LLC,<br><br>Petitioner,<br><br>v.<br><br>KENNETH FOURNIER,<br><br>Respondent. | Case No. 2:24-mc-00048<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL THIRD PARTY KENNETH FOURNIER'S COMPLIANCE WITH SUBPOENA AND FOR AN ORDER TO SHOW CAUSE AS TO WHY A CONTEMPT CITATION SHOULD NOT ISSUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF MICHAELA B. SOZIO IN SUPPORT THEREOF** |

**NOTICE OF MOTION AND MOTION FOR AN ORDER TO COMPEL**

**COMPLIANCE WITH SUBPOENA AND FOR AN ORDER TO SHOW**

**CAUSE AS TO WHY A CONTEMPT SANCTION SHOULD NOT ISSUE**

**AGAINST RESPONDENT KENNETH FOURNIER**

PLEASE TAKE NOTICE that on a date and time determined by the Court, of the above-titled court, Movant Mission Integrated Technologies, LLC ("MIT") will move this Court for an order to compel Respondent Kenneth Fournier's compliance with the subpoena issued by MIT, as detailed below.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4893-6666-3090 v4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to Fed. Rs. Civ. P. 37(a)(2) and 45(g), Petitioner Mission Integrated Technologies, LLC ("MIT" or "Petitioner")  hereby moves the Court to compel Respondent Kenneth Fournier's ("Fournier") compliance with MIT's subpoena and for an order to show cause why a contempt citation should not issue against Respondent Fournier for failing to comply with the subpoena served on Fournier in the action captioned *Mission Integrated Technologies, LLC v. Joshua Clemente and Timothy Clemente* (1:23cv1608-LMB-JFA) ("Subpoena") [**Ex. 1** to Declaration of Michaela Sozio ("Sozio Decl.")] that is currently pending in the United States District Court in the Eastern District of Virginia ("Underlying Litigation"). [**Ex. 3** to Sozio Decl.]

Federal Rule of Civil Procedure Rule 45 permits a party to obtain discovery from non-parties by subpoena. A request for production submitted to a non-party meets the standard of relevance so long as it is reasonably calculated to lead to the discovery of admissible evidence. *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal 2002). Similarly, "Under Rule 45, any party may serve a subpoena commanding a nonparty 'to attend [a deposition] and give testimony.'" *Rich v. Kirkland*, No. CV 11-4272-JLS (SPx), 2015 WL 7185390, at *2 (C.D. Cal. 2015) (citations omitted); see also Fed. R. Civ. P. 45(a)(1)(A)(iii). Therefore, parties are authorized to obtain, through subpoena, any non-privileged material "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Rich*, 2015 WL 7185390, at *2 (internal quotations and citation omitted). If the material is relevant, the subpoenaed party may only avoid compliance with the discovery request if it can demonstrate that compliance with the subpoenas "requires the disclosure of privileged

or other protected matter ... [or that compliance] subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv).

A motion to compel compliance with a deposition subpoena or subpoena duces tecum on a nonparty to an action must be "made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). Rule 45 provides that "the court for the district where compliance is required… may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

The deadline to respond to the Subpoena has passed for producing responsive documents. Despite several requests to meet and confer, Fournier has failed or refused to respond to or comply with the Subpoena. [Sozio Decl. at ¶¶ 6, 7, 8, 9; **Ex. 5-8**] Accordingly, Petitioner MIT respectfully submits this memorandum of law in support of its motion for an order to: (1) direct non-party Kenneth Fournier to produce all documents in response to MIT's subpoena no later than April 12, 2024; (2) find that Fournier is in contempt; (3) issue a contempt citation against Fournier; and (4) grant such other further relief as this Court deems just and proper.

## II.    FACTUAL BACKGROUND

The Underlying Action arises out of claims made by MIT against one of its former members for, *inter alia,* misappropriation of MIT's trade secrets and intellectual property rights.  [Sozio Decl. ¶¶2-4; Ex. 3]

MIT is a Delaware limited liability company with its principal place of business in Vienna, Virginia. MIT's business is the design, manufacture, marketing, and distribution of a variety of state-of-the-art tactical and rescue products for law enforcement, fire-rescue, and military customers around the world.  At the time Complaint was filed, the members of MIT consisted of non-party F2E Holdings, LLC (81% interest), Defendant Timothy Clemente (13% interest), and Respondent Kenneth Fournier (6% interest).  As noted above, the Subpoena was issued to Kenneth Fournier and seeks documents that are material and relevant to the Underlying Litigation.

## III.   PROCEDURAL BACKGROUND

### A.   Underlying Litigation

MIT filed the underlying action against Defendant Clemente and his son, Joshua Clemente ("Joshua") on October 16, 2023 in Circuit Court for Fairfax County in the State of Virginia. The Complaint asserted causes of action for: (1) Breach of Fiduciary Duties; (2) Misappropriation of Trade Secrets; (3) Business Conspiracy; (4) Unjust Enrichment; (5) Common Law Fraud; and (6) Breach of Contract. Defendants removed the action to federal court on or about November 27, 2023. The case is currently pending in the United States District Court for the Eastern District of Virgina, Case No. 1:23cv1608.  MIT filed an Amended Complaint on January 3, 2024. [**Ex. 3** to Sozio Decl.]

### B.   Service of the Subpoena

A Subpoena to Fournier from the United States District Court for the Eastern District of Virginia was issued on January 18, 2024 on behalf of MIT and service of the Subpoena was accepted by Sina Hodge, who represented that he was authorized to accept service of legal documents on behalf of Fournier, that same day. [**Ex. 1, 2, 4** to Sozio Decl.] The Subpoena afforded Fournier with more than three weeks for compliance. Specifically, the Subpoena required Fournier to produce documents on February 9, 2024. [**Ex. 1**] Fournier, however, did not comply with the Subpoena as Respondent has failed to produce any documents and has failed to respond to multiple requests to discuss the Subpoena both before and after the production date.

## III.   LEGAL STANDARD

Subpoenas on nonparties are governed by Fed. R. Civ. P. 45. *Kandypens, Inc. v. Puff Corp.,* No. CV 20-358-GW (KSx), 2021 U.S. Dist. LEXIS 84392, at *4-5 (C.D. Cal. May 3, 2021) ("Federal Rule of Civil Procedure 45 governs subpoenas issued to a non-party.")

The recipient of a Rule 45 subpoena may elect to comply with the subpoena, move to quash the subpoena based on undue cost or burden, object to the subpoena's

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

form, or challenge the subpoena pursuant to the procedures in Rule 45. *Delorme v. Big Think Capital, Inc.,* No. 2:23-mc-00037-FLA-MAR, 2023 U.S. Dist. LEXIS 210489, at *4 (C.D. Cal. Oct. 18, 2023) ("The recipient of a Rule 45 subpoena has several options . . . if the recipient does not respond to the subpoena, the only relief available to the serving party is to seek a contempt sanction under Rule 45(g) via an application for an order to show cause.")

If the recipient elects to not comply with the subpoena without an adequate excuse to obey a subpoena, Rule 45(g) gives the district court power to hold a person in contempt.

> "CONTEMPT. The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

Fed. R. Civ. P 45(g). *See also Delorme v. Big Think Cap., Inc.*, No. 2:23-mc- 00037-FLA-MAR, 2023 U.S. Dist. LEXIS 210489, at *5 (C.D. Cal. Oct. 18, 2023) *citing EchoStar Satellite L.L.C. v. Viewtech, Inc.*, No. 1:09-mc-00052-SMS, 2010 U.S. Dist. LEXIS 22142, at *3 (E.D. Cal. Feb. 18, 2010) ("If the recipient fails or refuses to respond to the subpoena, the proponent may first try to negotiate compliance by offering to meet and confer, but ultimately, if the recipient fails to comply without adequate excuse, the recipient is in contempt of court, and the proponent must file an application for an order to show cause why a contempt citation should not issue"); *see also Alcalde v. NAC Real Est. Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008) (same).

When a non-party fails to obey a subpoena without adequate excuse, the only sanction available is a contempt citation. *Kandypens, Inc. v. Puff Corp.,* No. CV 20-358-GW (KSx), 2021 U.S. Dist. LEXIS 84392, at *4-5 (C.D. Cal. May 3, 2021) ("The only sanction available where a non-party witness fails without adequate excuse to obey a subpoena is a contempt citation."); *see also Delorme v. Big Think Capital, Inc.,*

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

No. 2:23-mc-00037-FLA-MAR, 2023 U.S. Dist. LEXIS 10489, at *4 (C.D. Cal. Oct. 18, 2023) ("However, if the recipient does not respond to the subpoena, the only relief available to the serving party is to seek a contempt sanction under Rule 45(g) via an application for an order to show cause").

"The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on other Branches." *Young v. United States ex rel. Vuitton Et Fils S. A.,* 481 U.S. 787, 796 (1987). "We acknowledge that the district court 'should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders.'" *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980).

## IV.    LEGAL ARGUMENT

### A.    This Court Has The Power to Compel Compliance with the Deposition Subpoena

Federal Rule of Civil Procedure rule 45 permits a party to obtain discovery from non-parties by subpoena. A request for production submitted to a non-party meets the standard of relevance so long as it is reasonably calculated to lead to the discovery of admissible evidence. *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal 2002). Similarly, "Under Rule 45, any party may serve a subpoena commanding a nonparty 'to attend [a deposition] and give testimony.'" *Rich v. Kirkland*, No. CV 11-4272-JLS (SPx), 2015 WL 7185390, at *2 (C.D. Cal. 2015) (citations omitted); see also Fed. R. Civ. P. 45(a)(1)(A)(iii). Therefore, parties are authorized to obtain, through subpoena, any non-privileged material "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Rich*, 2015 WL 7185390, at *2 (internal quotations and citation omitted). If the material is relevant, the subpoenaed party may only avoid compliance with the discovery request if it can

demonstrate that compliance with the subpoenas "requires the disclosure of privileged or other protected matter ... [or that compliance] subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv).

A party may file a motion to compel a deposition when a nonparty or nonparty witness fails to comply with a subpoena. Fed. R. Civ. Proc. 37(a); *Siriphone v. Acceptance Indem. Ins. Co.*, No. 07-CV-1656-L (JMA), 2008 WL 2978482, at *1 (S.D. Cal. 2008). A motion to compel compliance with a deposition subpoena or subpoena duces tecum on a nonparty to an action must be "made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). Rule 45 provides that "the court for the district where compliance is required… may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

**B.    MIT May Obtain Information from Non-Party Kenneth Fournier**

A party may obtain information from a non-party, like Fournier, by serving a subpoena. Fed. R. Civ. P. 45. Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), a motion to compel compliance with the subpoena must be brought in "the district where compliance is required." Here, the issuing court is the Eastern District of Virginia. As the issuing court lacks jurisdiction to enforce the subpoena, this miscellaneous action has been filed. See *First Am. Cinema LLC v. Chicken Soup for the Soul Ent., Inc.*, No. 2:19-cv-09577-PSG-GJS, 2021 WL 1526759, at *1 (C.D. Cal. Apr. 7, 2021).

**C.    The Document Subpoena**

Rule 45 of the Federal Rules of Civil Procedure applies to document subpoenas directed to non-parties. MIT's document subpoena to Fournier complied with the "form and contents" of Rule 45 as it: (i) stated that the subpoena was issued from the Eastern District of Virginia where the action is pending; (ii) stated the title of the action and the civil-action number (captioned "*Mission Integrated Technologies, LLC v. Joshua Clemente and Timothy Clemente*", No. 1:23cv1608 (LMB/JFA); (iii)

commanded Fournier to appear at the law offices of Burke, Williams & Sorensen, LLP, 444 S. Flower Street, Suite 2400, Los Angeles, California, 90071, on February 9, 2024 at 10:00 a.m. with the documents requested in Attachment "A" thereto; and (4) set out the text of Rule 45(d) and (e) on the page three of the subpoena. [**Ex. 1 and 2**]. Accordingly, MIT has issued valid and enforceable document subpoena directed to Fournier which merits compelling compliance therewith.

### D. Service of the Subpoena

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. A subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed.R.Civ.P. 45(c)(2).  Here, Respondent Kenneth Fournier is employed and regularly transacts business in Sherman Oaks, California. Production of the documents and electronically stored information was commanded for Los Angeles, which is significantly less than 100 miles from Sherman Oaks and is, in fact, approximately 13 miles from the place designated for production. Thus, there was compliance with the geographical limits set forth in Rule 45.

Rule 45(b)(1) provides, in pertinent part, that "[s]ervice of a subpoena upon a person named herein shall be made by delivering a copy thereof to such person[.]"  Here, the proof of service includes an affidavit from the process server indicating that service of the subject Subpoena was accepted and received on January 18, 2024 by Sina Hodge who "stated that he is authorized to accept legal documents and that Kenneth Fournier is hardly ever at the office." [**Ex. 4**; Sozio Decl. at ¶5]  Thus, the Subpoena was served on Fournier at his place of business through an agent, Sina Hodge, who represented that he was authorized to accept service on Fournier's behalf. *Id.* Further, a follow-up electronic communication was sent by Brian Donnelly, Esq., counsel for MIT, to Fournier on January 23, 2024 in which Mr. Donnelly attached a copy of the Subpoena and cover letter and asked Fournier to

advise whether or not he had received the Subpoena from Sina Hodge. [**Ex. 6**; Sozio Decl. at ¶6]  Based on Sina Hodge's representation that he is authorized to accept legal documents, coupled with the follow up communication sent to Fournier in which a copy of the Subpoena was also provided, demonstrates that MIT's service of the Subpoena was conducted in a manner designed to give actual notice to Fournier.

Moreover, the follow up electronic communication to Fournier was sent 17 days before the date for production of documents, which allowed Fournier sufficient time to object and/or advise whether or not he had received a copy of the subpoena from Sina Hodge and/or inform Mr. Donnelly if Sina Hodge had not, in fact, been authorized to accept service on his behalf. [**Ex. 6**; Sozio Decl. at ¶6]  *See Fujikura Ltd. v. Finisar Corporation,* Case No. 15-mc-80110-HRL (JSC) (N.D. Cal. May. 14, 2015) [Court found that subpoenaed party suffered no prejudice from any technical violation of Rule 45(b)(1) where the existence of the subpoenas had been communicated to it and the deadline for production was not until three weeks after it had received notice, providing the subpoenaed party with sufficient time to object.]   As such, compliance with the Subpoena should properly be compelled.

### E.      Scope of the Subpoena

The documents requested are relevant to the Underlying Action in Virginia. Fournier is a minority member of MIT and is in possession of documents that are responsive to the requests in the Subpoena. Significantly, these documents are relevant and material to the claims at issue in MIT's litigation against Clemente and Joshua. Specifically, the Subpoena seeks all documents and communications in Fournier's care, custody or control, that relate to any vehicle-based assault and rescue system (including MIT's ARES), non-disclosure and/or non-circumvention agreements with respect to MIT, and transfer of ownership interests in MIT.  In addition, the Subpoena requests documents and communications relating to the development, design, manufacturing, marketing, or sale of any vehicle-based assault and rescue system (including MIT's ARES).  [**Ex. 1**]

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

Each category of these documents are material and relevant to central issues in the Underlying Litigation. Thus, to the extent that Fournier, as a member of MIT, has any documents in his possession, custody or control that pertain to the subjects set forth in the Subpoena, then these documents and communications are highly relevant and material to the issues in the underlying action.

**F.      Fournier Has Not Responded to this Subpoena or Provided an Excuse for His Lack of Response**

Here, Fournier has not exercised any of the options available to him. He has not complied with the Subpoena, moved to quash the Subpoena based on undue cost or burden, objected to the Subpoena, or challenged the Subpoena pursuant to those procedural mechanisms set forth in Rule 45.  Additionally, Fournier has not provided any excuse, much less an adequate excuse, to explain why he had failed to obey this Subpoena.  Finally, Fournier has not responded to multiple requests to discuss the Subpoena in an attempt to informally resolve these issues prior to the filing of this motion. [**Ex. 5-8**; Sozio Decl. at ¶¶6-9].

**G.      Attempts to Meet and Confer**

As Local Rule 37-1 requires that counsel for the parties must meet and confer in good faith '[b]efore filing any motion related to discovery under F.Rs.Civ.P. 26-37." MIT respectfully submits that it should be excused from filing a joint stipulation under L.R. 37-2. Specifically, L.R. 37-2.4 excuses a moving party from filing a joint stipulation if the moving party shows "opposing counsel… failed to confer in a timely manner under L.R. 37-1." As set forth above and in the supporting Declaration, MIT's counsel in the Underlying Litigation originally attempted to correspond with Fournier via email on January 10, 2024 and sent Fournier another electronic communication relating specifically to the Subpoena on January 23, 2024.  Fournier did not respond to either communication. Further, prior to filing this motion counsel for MIT sent two additional emails to Fournier in an attempt to meet and confer and in an attempt to avoid motion practice. Again, Fournier failed or refused to respond. [**Ex. 5-8**; Sozio

Decl. at ¶¶6-9]. As there has been no response from Fournier, Petitioner submits it is excused from filing a joint stipulation.

### H. Sanctions Are Warranted

Pursuant to Rule 45(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Subpoenas issued by attorneys are issued on behalf of the court and thus are treated as orders of the court." *Martinez v. City of Pittsburg*, No. C 11-01017 SBA (LB), 2012 WL 699462, at *2 (N.D. Cal. Mar. 1, 2012). Critically, all subpoenas are considered "contempt-sanctionable orders of the court whether issued in blank by the clerk or by an attorney as an officer of the court." *United States Sec. & Ex. Comm'n v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

MIT respectfully submits that sanctions in the form of its fees under Rule 45(g) is justified here because Fournier has refused to respond to the Subpoena.

## IV. CONCLUSION

For the reasons the set forth above, MIT respectfully requests that this Court grant its motion and Order (1) directing Fournier to produce all responsive documents on or before April 12, 2024; (2) issuing an Order that Fournier is in contempt; (3) issue a contempt citation against Fournier; and (4) granting such other further relief as this Court deems just and proper.

Dated: March 29, 2024

Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP

By: _____ */s/ Michaela Battista Sozio*
Michaela Battista Sozio
Attorneys for Petitioner MISSION INTEGRATED TECHNOLOGIES, LLC

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

10

## DECLARATION OF MICHAELA BATTISTA SOZIO

I, Michaela Battista Sozio, declare as follows:

1.     I am a partner with Burke, Williams & Sorensen, LLP, attorneys of record for Petitioner MISSION INTEGRATED TECHNOLOGIES, LLC ("MIT"). I have personal knowledge of the facts set forth herein and, where indicated, is based on information and belief. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Petitioner's Motion to Compel Compliance from Respondent Kenneth Fournier to MIT's Subpoena.

2.     On January 18, 2024, a subpoena was issued to Kenneth Fournier in the action captioned *Mission Integrated Technologies, LLC v. Joshua Clemente and Timothy Clemente* (1:23cv1608-LMB-JFA) ("Subpoena"). A true and correct copy of the Subpoena is attached hereto as **Exhibit 1.** A cover letter from Brian Donnelly, Esq., counsel for MIT, to Kenneth Fournier ("Fournier") accompanied the Subpoena. A true and correct copy of the cover letter to the Subpoena is attached hereto as **Exhibit 2.**

3.     The action *Mission Integrated Technologies, LLC v. Joshua Clemente and Timothy Clemente* (1:23cv1608-LMB-JFA) is currently pending in the United States District Court in the Eastern District of Virginia ("Underlying Litigation"). A true and correct copy of the Amended Complaint is attached hereto as **Exhibit 3.**

4.     With respect to the documents sought in the Subpoena, these documents are material and highly relevant to the issues in the Underlying Action which includes claims by MIT against former MIT-member Timothy Clemente and his son, Joshua, for misappropriation of trade secrets and intellectual property, fraud, breach of fiduciary duty, breach of contract, and conspiracy. Respondent Fournier was a member of MIT during relevant times and should have documents responsive to the Subpoena.

5.      Based on information and belief, Fournier resides and is employed in Sherman Oaks, California. As indicated in the attached Proof of Service, the process server, Tamar Ravid, served the Subpoena on January 18, 2024 at 1:28 p.m. Mr. Ravid indicated on the Proof of Service that service of the Subpoena "was received by Sina Hodge" and that Mr. Hodge "[s]tated that he is authorized to accept legal documents and that Kenneth Fournier is hardly ever at the office."  A true and correct copy of the Proof of Service for the Subpoena is attached hereto as **Exhibit 4.**

6.      Brian Donnelly, Esq., counsel for MIT in the Underlying Action, informed me that he had previously sent an email communication to Kenneth Fournier on January 10, 2024.  A true and correct copy of this email communication, which was provided to me from Mr. Donnelly, is attached hereto as **Exhibit 5.** Following service of the Subpoena, as set forth in Paragraph 4 above, Mr. Donnelly sent a follow-up email to Fournier on January 23, 2024 in which Mr. Donnelly provided Fournier with a copy of the Subpoena and asked Fournier to confirm that Mr. Hodge was authorized to accept service on Fournier's behalf. A true and correct copy of this email communication and its attachments, which were provided to me from Mr. Donnelly, is attached hereto as **Exhibit 6.**

7.      The response date on the Subpoena was February 9, 2024.  As of Mr. Donnelly's email sent on January 23, 2024, Fournier still had seventeen (17) days before the production date.

8.      On March 27, 2024 and March 28, 2024, I sent two email communications to Kenneth Fournier in which I asked him to contact me or Mr. Donnelly to discuss production of documents pursuant to the Subpoena. A true and correct copy of my March 27, 2024 email is attached hereto as **Exhibit 7** and a true and correct copy of my March 28, 2024 email is attached hereto as **Exhibit 8.**  I requested a delivery receipt in connection with these emails. The corresponding delivery confirmations are attached to their respective emails in Exhibits 7 and 8.

9.      As of the filing of this motion, no documents have been received from

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

Fournier in response to the Subpoena, nor has there been any communications or response from Fourier to multiple email requests from me or Mr. Donnelly.

10. Federal Rule of Civil Procedure 37(a)(2) provides that a motion to compel compliance with a deposition subpoena or subpoena duces tecum on a nonparty to an action must be "made in the court where the discovery is or will be taken." Accordingly, any motion against Fournier must properly be filed in the United States District Court for the Central District of California.

11. It is my understanding that the fact discovery cut-off in the Underlying Action is April 19, 2024.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 29th day of March, 2024, at Los Angeles, California.

_/s/ Michaela Battista Sozio_
Michaela Battista Sozio

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

13